UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON HEACOX, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:24-cv-00123-LEW |
| | ) |
| BRYAN CASTONGUAY, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint alleging Defendant failed to provide adequate medical care while Plaintiff was incarcerated at the Maine State Prison.[1] (Complaint at 9, ECF No. 1.) Defendant is alleged to be a representative of Wellpath Health Care (Wellpath), the medical provided in the prison.

Plaintiff also filed an application to proceed without prepayment of fees, which application the Court granted. (Application, ECF No. 3; Order, ECF No. 4.) In accordance with the statute governing actions filed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff filed two actions in which he complained about the same conduct. *See Heacox v. Castonguay*, No. 1:24-cv-00124-LEW. After filing the second action, Plaintiff informed the Court that he intended to assert one action. The Court construed Plaintiff's submission as a motion to consolidate the two matters, and the Court granted the motion. (Motion, ECF No. 9; Order, ECF No. 10.) Unless stated otherwise, I will reference the filings in this (1:24-cv-00123-LEW) docket.

Following a review of Plaintiff's complaint, I allow Plaintiff an opportunity to address the deficiencies in his pleadings identified herein. If Plaintiff fails to address the deficiencies successfully, I recommend the Court dismiss the matter.

**FACTUAL BACKGROUND**

Plaintiff asserts that in November 2023, he was transferred from New Hampshire State Prison to Maine State Prison. (Complaint at 5.) According to Plaintiff, upon intake he was supposed to have an inhaler for his asthma. (*Id*.) Plaintiff contends the medical staff at the Maine State Prison, specifically Miriam Davidson, forgot to refill his medication and two weeks after his arrival he ran out of his opioid medication (suboxone) and his anti-psychosis medication (a tranquilizer). (*Id*.) Plaintiff alleges he was without his tranquilizer for three days and without suboxone for four days and suffered withdrawal symptoms, struggled to sleep, and experienced psychosis. (*Id*. at 5-6.)

Plaintiff alleges that on January 12, 2024, when he did not have his inhaler despite his request for one, he suffered a severe asthma attack after his cell neighbor was pepper sprayed. (*Id*. at 6-7.) Plaintiff maintains he alerted the correctional officer (CO) outside of his cell to the asthma attack, the CO told him to wait for the nurse; the nurse subsequently arrived but did not have an inhaler. (*Id*.) Plaintiff alleges he passed out on his bed as the result of the asthma attack. (*Id*.) Plaintiff maintains he continued to request an inhaler, but he did not receive one until February 2024, three months after his original request. (*Id*. at 6.)

## LEGAL STANDARD

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pled facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**DISCUSSION**

Plaintiff's assertion of inadequate and delayed medical care can be construed to allege a violation of his Eighth Amendment right against cruel and unusual punishment. Plaintiff's constitutional claim is authorized and governed by 42 U.S.C. § 1983. Section 1983 does not provide substantive rights but is a vehicle "for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

**A.    Constitutional Deprivation**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). *See also Giroux v. Somerset*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted) ("Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must

satisfy both a subjective and objective inquiry.'" *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015) (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

To demonstrate a claim under the objective prong, a plaintiff "must show that he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health." *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id*. (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience." *Id*. at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently capable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). "[D]eliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Kosilek*, 774 F.3d at 83 (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional.") Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from

5

liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. at 844); *see Burrell*, 307 F.3d at 8 (1st Cir. 2002) (recognizing that the focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged the inmate's pain. *Adams v. Wellpath of Maine*, No. 2:20-cv-00424-NT, 2021 WL 3056841, at *9 (D. Me. July 2021). Here, Plaintiff alleges a delay in the receipt of his medications after he was transferred to the Maine State Prison and the failure to provide him with an inhaler despite his multiple requests.

   1.   **Medication**

Plaintiff alleges he suffered withdrawal symptoms when the medical staff forgot to refill his medications, an anti-psychosis medication and suboxone to treat an addiction. He asserts that he was without the medications for three or four days. Based on the medications, one can reasonably infer that Plaintiff was diagnosed with a mental health condition and some form of substance use disorder.

Given the evolving understanding of substance use disorder, medically assisted treatment, and the prison's role in this dynamic, suffering withdrawal symptoms, in certain contexts, could constitute a serious medical need. *Tilson v. Humphrey*, No. 5:19-cv-00033, 2021 WL 4443816, at *5 (W.D. Va. Sept. 27, 2021) (collecting cases). *See also Trop v. Dulles*, 356 U.S. 86, 101 (1958) ("The [Eighth] Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.").

Plaintiff's allegations of the significant effects of withdrawal are sufficient, at this stage of the proceedings, to satisfy the serious medical need requirement of the deliberate indifference standard.

The next issue is whether the delay of three or four days in providing the medication could be construed as inadequate care under the Eighth Amendment analysis given the alleged circumstances. Plaintiff alleges that a nurse forgot to fill the prescription. While the nurse's failure to fill the prescription might support a negligence claim, negligent care does not constitute deliberate indifference. *Leavitt*, 645 F.3d at 497 ("[S]ubpar care amounting to negligence or even malpractice does not give rise to a constitutional claim."). Plaintiff has not alleged sufficient facts to support an actionable claim based on the alleged delay in receiving his medications for his mental health and substance use conditions.

### 2.    Inhaler

Plaintiff alleges he requested an inhaler when he arrived at the Maine State Prison but did not receive one until three months after his transfer. During the time he was without an inhaler, Plaintiff suffered a severe asthma attack.

"As a general matter, asthma 'can be, and frequently is, a serious medical condition, depending on the severity of the attacks.'" *Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008) (quoting *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005)). Here, Plaintiff's assertion that he suffered an asthma attack that resulted in a loss of consciousness is sufficient to allege a serious medical condition. The length of time between his first request for an inhaler and his asthma attack (November 23, 2023, to January 12, 2024) is not insignificant. According to Plaintiff, although he made multiple requests for an inhaler during that time,

he did not receive one. Plaintiff has alleged enough facts at this stage of the proceeding to support a deliberate indifference claim based on the failure to provide an inhaler. The question is whether Plaintiff has alleged an actionable claim against Defendant.

### B.    Defendant Castonguay

Plaintiff brought this claim against Defendant, a representative for Wellpath. Plaintiff has not alleged that Defendant was directly involved in Plaintiff's medical care or in the failure to provide his medications, including the inhaler. Wellpath is a private contractor that provides services at the Maine State Prison. Wellpath is treated like a municipality for purposes of § 1983 claims and Defendant is treated like a government official. *See Wall v. Dion*, 257 F. Supp. 2d 316, 319-20 (D. Me. 2003); *see also Witham v. Corizon, Inc.*, No. 2:12-cv-00146-NT, 2012 WL 5267657, at *7 n.4 (D. Me. Sept. 17, 2012).

To the extent Plaintiff joined Defendant in his supervisory capacity, Plaintiff must allege facts that would support a claim that was based on Defendant's own conduct and not based on a respondeat superior theory. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to . . . [a] § 1983 suit, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

To the extent Plaintiff has joined Defendant in an official capacity or if the Court were to construe Plaintiff's claim as a claim against Wellpath, Plaintiff must allege facts that would support a finding that the failure to provide Plaintiff with an inhaler for nearly

two months was the product of a Wellpath policy, custom, or practice. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008). That is, the applicable standard requires a plaintiff to "identify a [governmental entity] 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff has not alleged a policy or custom that resulted in the alleged deprivation of his constitutional rights.

Because Plaintiff has not alleged that Defendant had knowledge of Plaintiff's need for an inhaler and failed to provide one, and because Plaintiff has not alleged a Wellpath policy, custom, or practice that resulted in the failure to provide the inhaler, Plaintiff has not alleged an actionable claim against Defendant or Wellpath.

Particularly because Plaintiff has alleged facts to support a constitutional deprivation, however, Plaintiff should be afforded the opportunity to amend his complaint to address the deficiencies in his complaint, including his failure to identify or describe the individuals of whom he requested an inhaler and/or a policy, custom, or practice that resulted in the failure to provide an inhaler.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, the Court orders that if Plaintiff wants to address some or all of the deficiencies in his pleadings identified herein, Plaintiff shall file an amended complaint on or before June 12, 2024. If Plaintiff fails to address the deficiencies and allege an actionable claim against Defendant or any other party by June 12, 2024, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, by June 12, 2024.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of May, 2024.