UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRANDON M. HEACOX, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00123-LEW |
| | ) |
| BRYAN CASTONGUAY, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING REPORT AND RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Plaintiff Brandon Heacox filed this lawsuit pro se, alleging that Defendant Bryan Castonguay, a representative of Wellpath Health Care, failed to provide adequate medical care to Plaintiff while he was incarcerated at the Maine State Prison, in violation of the Eighth Amendment. Plaintiff alleges that he suffered withdrawal symptoms when medical staff forgot to refill his medications and that their failure to provide him with an inhaler resulted in an asthma attack.

On May 20, 2024, Magistrate Judge John C. Nivison recommended that the Court dismiss Plaintiff's case (unless he amended his Complaint within fourteen days) for failing to plausibly allege violations of the Eighth Amendment under 42 U.S.C. § 1983. *See* Recommended Decision After Review of Plaintiff's Complaint (ECF No. 12) at 6–9. As for Plaintiff's allegations concerning his medication, Magistrate Judge Nivison explained that Plaintiff alleged that a nurse forgot to refill his medication; therefore, Plaintiff had not plausibly alleged deliberate indifference. *See Leavitt v. Correctional Med. Servs., Inc.*, 654

F.3d 484, 497 (1st Cir. 2011) (explaining that "subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim" because a showing of deliberate indifference requires a showing of knowledge).  As for the inhaler, Magistrate Judge Nivison reasoned that Plaintiff's claim against Defendant failed because he had not alleged that Defendant was involved in Plaintiff's medical care or the failure to provide an inhaler.  Furthermore, even if the claim against Defendant was construed against Defendant in his official capacity, Plaintiff had not alleged that Wellpath had a policy, custom, or practice resulting in the failure to provide an inhaler.

The time within which to file objections expired on June 12, 2024, and no objection was filed.  Magistrate Judge Nivison notified the Plaintiff that failure to object would waive his right to *de novo* review and appeal.

It is therefore ORDERED that the Recommended Decision After Review of Plaintiff's Complaint (ECF No. 12) is hereby AFFIRMED and ADOPTED.  The case is DISMISSED.

**SO ORDERED.**

Dated this 31st day of July, 2024.

  /s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE